BRITISH STEEL CORP., ET AL., PLAINTIFFS v. UNITED STATES, ET AL., DEFENDANTS, ALLEGHENY LUDLUM STEEL CORP., ET AL., DEFENDANTS-INTERVENORS

Court No. 83–7–01032

Before BERNARD NEWMAN, *Senior Judge*

## Memorandum and Order

(Dated December 19, 1986)

*Steptoe & Johnson (Richard O. Cunningham, Charlene Barshefsky* and *William L. Martin, II, Esqs.,* of counsel) for plaintiffs.

*Richard K Willard,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, and *Sheila N. Ziff, Esq.,* for defendants.

*Collier, Shannon, Rill & Scott (Paul C. Rosenthal, Esq.,* of counsel) for defendants-intervenors.

Bernard Newman, *Judge:*

The background of this action contesting the 1983 countervailing duty determination and order covering stainless steel plate from United Kingdom is set forth in this court's previous decisions in this case and in the interest of brevity will not be repeated. *See British Steel Corp.* v. *United States,* 9 CIT 85, Slip Op. 85–26, 605 F. Supp. 286 (March 8, 1985); *British Steel Corp.* v. *United States,* 10 CIT 224, Slip Op. 86–37, 632 F. Supp. 59 (March 31, 1986), *motion for rehearing pending;* and *British Steel Corp.* v. *United States,* 10 CIT 661, Slip Op. 86–104 (October 17, 1986), and *appeal No. 87–1050 pending.*

Presently before the court is defendants' application for an order: (1) vacating that part of this court's decision of March 31, 1986 in Slip Op. 86–37 which remands this case to the International Trade Administration, Department of Commerce (ITA), and this court's order of May 28, 1986 modifying the time period for the remand; and (2) entering final judgment affirming ITA's final affirmative countervailing duty determination regarding stainless steel plate from the United Kingdom, 48 Fed. Reg. 19048 (April 27, 1983), as modified by its Results of Remand Proceedings, to the extent that the remand results have been approved by the opinion of this court in Slip Op. 86–37.

Plaintiffs have filed an opposition to defendants' motion.

Briefly stated, the issue posed by defendants' motion is: whether certain intervening circumstances have made the present action (including the remand proceedings) moot, thereby making any final decision that this court might issue as merely advisory, contrary to Article III of the Constitution. Defendants maintain that the results of remand, should those proceedings be continued, will have no affect upon either pending unliquidated or prospective entries of stainless steel plate from the United Kingdom. Plaintiffs, on the other hand, urge the completion of the remand proceedings on the basis that the final decision rendered by this court would then have precedential impact on administrative reviews under section 751 of the Trade Agreements Act of 1979, 19 U.S.C. § 1675 (hereinafter section 751).

On October 15, 1986 this court, pursuant to defendants' application, ordered the suspension of all proceedings in the present case pending disposition of defendants' vacatur motion, and further ordered that in the event defendants' motion is denied, this court's or-

der dated May 9, 1986 (regarding negotiation settlements) shall be reinstated effective immediately upon entry of the order of denial. On October 15, 1986, this court also directed that defendants shall respond to plaintiffs' procedural proposal of August 8, 1986 within fourteen days after entry of an order denying defendants' motion.

In a related matter, plaintiffs moved in the present action on October 6, 1986 to enjoin liquidation of certain 1985–86 entries of stainless steel plate from the United Kingdom pending the results of remand in the present action. Plaintiffs' predicate for the court's jurisdiction in the current case to grant injunctive relief under 19 U.S.C. § 1516a(c)(2) respecting the 1985–86 entries is that the remand results would govern the duty assessment on those entries, irrespective of whether or not there is an administrative review in conformance with section 751.

The government opposed enjoining liquidation of the 1985–86 entries in the present action on the ground that the assessment of countervailing duties for entries falling within that time period is not governed by the remand proceedings in this case.

On October 17, 1986, in Slip Op. 86–104, this court denied plaintiffs' application for an injunction, but without prejudice to renewal in any new action that plaintiff should commence. The court agreed with defendants' and intervenor's position that the 1985–86 entries must be liquidated in accordance with the record and administrative proceedings conducted under section 751, if such review were timely requested, rather than on the basis of the remand proceedings in the present action. Further, this court ruled, that absent a timely request for an administrative review, Commerce is required to liquidate the 1985–86 entries in compliance with its regulation, 19 CFR § 355.10(d).

Plaintiffs have appealed to the Federal Circuit seeking review of the foregoing aspect of Slip Op. 86–104 (Part II thereof), and on November 12, 1986, this court granted plaintiff's application for an injunction pending appeal to prevent liquidation of the 1985–86 entries until the Federal Circuit has completed its review. *See British Steel Corp.* v. *United States,* 10 CIT 716, Slip Op. 86–119. As apparent from the discussion above, the pending appeal squarely presents the novel question of whether the remand proceedings in the present action, which action contests the 1983 countervailing duty determination and order govern the liquidation of the 1985–86 entries. If the remand proceedings in the present case do not govern the liquidation of the 1985–86 entries, as insisted by defendant, there would appear to be no justifiable basis for enjoining liquidation of those entries in this action pursuant to 19 U.S.C. § 1516a(c)(2). If on the other hand, the results of the remand proceedings in the present action govern the liquidation of the 1985–86 entries, as maintained by plaintiffs, then of course, defendants' pending motion for vacatur of the remand proceedings and entry of a final judgment should not be granted.

In view of the pendency of the appeal from this court's ruling in Slip Op. 86–119 and in the interest of judicial economy, defendants' present application is denied, without prejudice to renewal after final disposition of plaintiffs' appeal to the Federal Circuit. This court's order of October 15, 1986 suspending all proceedings in the current action shall remain in effect. If, however, defendant does not renew its present application within fourteen days after final disposition of plaintiffs' appeal: (1) this court's order of May 9, 1986 regarding settlement negotiations shall be deemed reinstated; and (2) defendants shall respond to plaintiffs' procedural proposal of August 8, 1986 within fourteen days after final disposition of plaintiffs' appeal.